MORRIS SAILOR, PLAINTIFF-RESPONDENT, v. JOSEPH FINE AND JACOB FINE, DEFENDANTS-PROSECUTORS.

Submitted May 26, 1924—Decided August 18, 1924.

**Landlord and Tenant—Holding Over After Termination of Lease —Double Rent—Injury to and Repair of Property—Loss of Profits From Failure to Surrender Possession—Allegation of Special Damages Necessary.**

Before Justices TRENCHARD, MINTURN and LLOYD.

For the appellant, *Patrick H. Harding.*

For the respondent, *D. Trueman Stackhouse.*

PER CURIAM.

This is an appeal from the Court of Common Pleas of Camden county from a judgment in favor of the plaintiff in the sum of $1,000. The defendants in the action were tenants of a property No. 1212 Mt. Ephraim avenue, Camden, and held over after the expiration of the tenancy for a period of two months and ten days. The plaintiff, grantee of the lessor, brought suit for damages upon three counts—(1) for double rent under the statute; (2) for damages to the property by reason of the failure to maintain the premises in the condition in which they were when received; (3) for damages and injuries to the property and its appointments. To the last count there was added the following: "Plaintiff was put to great expense in repairing and replacing the property so damaged and taken away, and was deprived of the use of the premises during the time that the said repairs were being made, and was thereby occasioned great financial loss."

The sole ground of appeal is "that the court permitted testimony on part of plaintiff under the third count of plaintiff's complaint, as amended, to show damage by way of loss

of profits of business, and for such loss at a place and time not relevant to the issue, and which testimony was prejudicial to defendants."

Under the last allegation in the complaint the court, over objection and exception by the defendant, permitted evidence to be introduced showing loss in a bakery business conducted by the plaintiff in the city of Philadelphia, and which he claimed to have resulted from the failure of the defendants to surrender the leased premises according to the terms of the lease. The ground of the objection was clearly stated to be that the damages sought to be proven were not within the pleadings. We think this evidence was improperly admitted. In the case of *Drishman* v. *McManemin*, 68 *N. J. L.* 337, the precise question here involved was considered by the Court of Errors and Appeals, and in it this language was used:

"Recovery cannot be had for failure to give possession at the date of the lease for profits which might have been made from a use of the premises unless the declaration contains allegations of special damages."

In 13 *Cyc.* 176, the rule is thus laid down:

"If the damages sought to be recovered are those known as special damages, that is, those of an unusual and extraordinary nature, and not the common consequence of the wrong complained of or implied by law, it is necessary, in order to prevent surprise to the defendant, that the declaration states specifically and in detail the damages sought to be recovered."

The rule is supported by a great body of authority in this country, from which there appears to have been no dissent.

Tested by it, we think the complaint in this case wholly failed to apprise the defendants of the specific and detailed damages which it was claimed resulted to the plaintiff's business in Philadelphia. Not only was there an absence of specific and detailed statement of damages, but a most general averment of financial loss which might as well have referred to any other form of damages as to a loss in the plaintiff's

bakery business. Indeed, nothing could be more general than the term "financial loss." It is this form that all damages in an action at law must take where breach of contract is claimed. The damages proven under this head were certainly not the common and natural consequences of the defendants' wrongful act in holding over, and, not being pleaded as special damages, the defendants' objection to the proofs offered should have been sustained. The amount of the verdict clearly indicates that this element of damages may well have entered into the jury's consideration in reaching its conclusion. The judgment will be reversed and a *venire de novo* awarded.